# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TROPICANA ENTERTAINMENT, LLC, et al.,[1] | ) ) | Case No. 08-10856 (KJC) |
| Debtors. | ) ) ) | Jointly Administered |

## NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED ON APPENDIX A HERETO:**

On May 5, 2008 (the "Petition Date"), the above-captioned debtors and debtors in possession (each, a "Debtor" and collectively "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). A list of all the Debtors and their respective case numbers is attached hereto as Appendix A.

On July 10, 2008, the Court entered an order [Docket No. 604] (the "Bar Date Order") establishing September 26, 2008 at 6:00 p.m. (prevailing Pacific Time) (the "General Bar Date"),

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Adamar Garage Corporation (1225); Adamar of Nevada (4178); Argosy of Louisiana, Inc. (5121); Atlantic-Deauville Inc. (2629); Aztar Corporation (6534); Aztar Development Corporation (0834); Aztar Indiana Gaming Company, LLC (5060); Aztar Indiana Gaming Corporation (1802); Aztar Missouri Gaming Corporation (8819); Aztar Riverboat Holding Company, LLC (5055); Catfish Queen Partnership in Commendam (4791); Centroplex Centre Convention Hotel, L.L.C. (2613); Columbia Properties Laughlin, LLC (9651); Columbia Properties Tahoe, LLC (1611); Columbia Properties Vicksburg, LLC (0199); CP Baton Rouge Casino, L.L.C. (9608); CP Laughlin Realty, LLC (9621); Hotel Ramada of Nevada (8259); Jazz Enterprises, Inc. (4771); JMBS Casino LLC (6282); Ramada New Jersey Holdings Corporation (4055); Ramada New Jersey, Inc. (5687); St. Louis Riverboat Entertainment, Inc. (3514); Tahoe Horizon, LLC (9418); Tropicana Development Company, LLC (0943); Tropicana Enterprises (7924); Tropicana Entertainment Holdings, LLC (9131); Tropicana Entertainment Intermediate Holdings, LLC (9214); Tropicana Entertainment, LLC (9263); Tropicana Express, Inc. (0806); Tropicana Finance Corp. (4040); Tropicana Las Vegas Holdings, LLC (9332); Tropicana Las Vegas Resort and Casino, LLC (9355); and Tropicana Real Estate Company, LLC (1107). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 740 Centre View Boulevard, Crestview Hills, Kentucky 41017.

as the general claims bar date for all persons and entities, other than governmental units, for filing proofs of claim in the Debtors' chapter 11 cases and November 2, 2008 at 6:00 p.m. (prevailing Pacific Time) (the "Governmental Bar Date"), as the bar date for governmental units for filing proofs of claim in the Debtors' chapter 11 cases. As described below, the Bar Date Order also establishes different bar dates for certain other categories of Claims.

For your convenience, enclosed with this Notice is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in the Debtors' chapter 11 cases (the "Schedules").

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes all persons, estates, trusts, governmental units, and the United States trustee. In addition, the terms "persons" and "governmental units" have the meanings given to them in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Claim" means, as to or against any of the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1. **THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing proofs of claim in the Debtors' chapter 11 cases (the "Bar Dates"):

(a) <u>The General Bar Date</u>. Pursuant to the Bar Date Order, except as described below, all persons and entities, other than governmental units, holding Claims against the Debtors that arose or are deemed to have arisen prior to the commencement of the Debtors' chapter 11 cases on the Petition Date are required to file proofs of claim by the General Bar Date (*i.e.*, by September 26, 2008, at 6:00 p.m., prevailing Pacific Time). The General Bar Date applies to all types of Claims against the Debtors that arose or are deemed to have arisen prior to the commencement of the Debtors' chapter 11 cases on the Petition Date, including secured Claims and unsecured priority Claims (including, without limitation, Claims entitled to priority under sections 507(a)(4), (5), and (8) and 503(b)(9) of the Bankruptcy Code), and unsecured nonpriority Claims.

(b) <u>The Governmental Bar Date</u>. Pursuant to the Bar Date Order, all governmental units holding Claims against the Debtors that arose or are deemed to have arisen prior to the commencement of the Debtors' chapter 11 cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (*i.e.*, by November 2, 2008, at 6:00 p.m., prevailing Pacific Time). The Governmental Bar Date applies to all governmental units holding Claims against the Debtors that

arose or are deemed to have arisen prior to the commencement of the Debtors' chapter 11 cases on the Petition Date, including, without limitation, secured Claims and unsecured priority Claims (including, without limitation, Claims against the Debtors for unpaid taxes, whether such Claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party), and unsecured nonpriority Claims.

(c) <u>The Amended Schedule Bar Date</u>. If, subsequent to the date of this Notice, a Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount of a Claim listed on the Schedules, to change the nature or classification of a Claim against a Debtor reflected in the Schedules, or to add a new Claim to the Schedules, the affected creditor is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended Claim listed on the Schedules on or before the later of (i) the Bar Date applicable to such Claim (i.e., the General Bar Date or Governmental Bar Date) and (ii) 20 days after the date that notice of the applicable amendment or supplement to the Schedules is served on the creditor. The later of these dates is referred to in this Notice as the "Amended Schedule Bar Date."

(d) <u>The Rejection Bar Date</u>. Any person or entity whose Claim arises out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code, must file a proof of claim on or before the later of (i) the Bar Date applicable to such Claim and (ii) 30 days after the date of entry of the order authorizing the Debtor's rejection of the applicable contract or lease. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

## 2. WHO MUST FILE A PROOF OF CLAIM

Unless one of the exceptions described in Section 5 below applies, you MUST file a proof of claim to vote on a chapter 11 plan of reorganization or to share in distributions from the Debtors' bankruptcy estates if you have a Claim that arose or is deemed to have arisen prior to the Petition Date. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such Claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Except where the Rejection Bar Date, the Governmental Bar Date, or the Amended Schedule Bar Date applies to establish a different deadline or one of the exceptions in Section 5 applies, in which case the following persons or entities must file proofs of claim on or before such applicable Bar Date, the following persons and entities must file proofs of claim on or before the General Bar Date:

(a) any person or entity whose Claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent, or unliquidated;

3

(b)     any person or entity who desires to participate in any of the Debtors' chapter 11 cases or share in any distribution in any of the Debtors' chapter 11 cases; and

(c)     any person or entity who believes that its Claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its Claim allowed in a classification or amount other than that identified in the Schedules.

## 3.     WHAT TO FILE

The Debtors are enclosing a proof of claim form for use in the Debtors' chapter 11 cases, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form B10.  If your Claim is scheduled by the Debtors, the attached proof of claim form also sets forth:  (a) the amount of your Claim (if any) listed on the Schedules by the Debtors; (b) the specific Debtor against which the Claim is listed on the Schedules; (c) whether your Claim is listed on the Schedules as disputed, contingent, or unliquidated; and (d) whether your Claim is listed on the Schedules as a secured, unsecured priority, or unsecured nonpriority Claim.  You will receive a different proof of claim form for each Claim listed on the Schedules in your name by the Debtors.  You may utilize the proof of claim form(s) provided by the Debtors to file your Claim.  Additional proof of claim forms may be obtained at the following websites: http://www.kccllc.net/tropicana or http://www.uscourts.gov/bkforms.

All proof of claim forms must be **signed** by the creditor or, if the creditor is not an individual, by an authorized agent of the creditor.  The proof of claim form must be written in English and be denominated in United States currency.  You should attach to your completed proof of claim any documents on which the Claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.

Any person or entity asserting Claims against more than one Debtor must file a separate proof of claim with respect to each such Debtor.  In addition, any person or entity filing a proof of claim must identify on its proof of claim form the particular Debtor against which its Claim is asserted.  A list of all the Debtors, together with their respective case numbers, is listed on Appendix A.  Any Claim filed in the joint administration case (*i.e.*, Tropicana Entertainment, LLC, Case No. 08-10856 (KJC)) or otherwise without identifying a Debtor will be deemed as filed only against Tropicana Entertainment, LLC.  If more than one Debtor is listed on the form, the proof of claim will be treated as filed only against the first listed Debtor.

Under the Bar Date Order, the filing of a proof of claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority Claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative Claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by a proof of claim. No deadline has been established for the filing of administrative Claims other than Claims under section 503(b)(9) of the Bankruptcy Code.  *Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date or the Governmental Bar Date, as applicable.*

4

**4.     WHEN AND WHERE TO FILE**

All proofs of claim must be submitted by mail, by courier service, by hand delivery, or in person so as to be received **on or before the applicable Bar Date**, at the following address:

Tropicana Claims Processing
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, California 90245

Proofs of claims will be collected, docketed, and maintained by the Debtors' claims agent, Kurtzman Carson Consultants, LLC ("KCC").  If you wish to receive acknowledgement of KCC's receipt of a proof of claim, you must submit concurrently with submitting your original proof of claim (a) a copy of the original proof of claim and (b) a self-addressed, postage prepaid return envelope.

Proofs of claim will be deemed filed only when **actually received** by KCC on or before the Bar Dates.  **Proofs of claim may not be delivered by facsimile or electronic mail transmission.**  Any facsimile or electronic mail submissions will not be accepted and will not be deemed filed until a proof of claim is submitted by mail, by courier service, by hand delivery, or in person.

**5.     WHO NEED NOT FILE A PROOF OF CLAIM**

The Bar Date Order further provides that the persons and entities, who otherwise would be subject to the Bar Dates, need not file proofs of claim in the chapter 11 cases with respect to the following Claims:

(a)     any person or entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form B10;

(b)     any person or entity whose Claim is listed on the Schedules if: (i) the Claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the Claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its Claim is an obligation only of the specific Debtor against which the Claim is listed on the Schedules;

(c)     a holder of a Claim that previously has been allowed by order of the Court;

(d)     a holder of a Claim that has been paid in full by any of the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

(e)     a holder of a Claim for which a specific deadline previously has been fixed by the Court;

(f)     any Debtor having a Claim against another Debtor;

5

(g) any holder of a Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any Claim allowable under section 503(b)(9) of the Bankruptcy Code); and

(h) any person or entity whose Claim is limited exclusively to the repayment of principal, interest, or other applicable fees and charges (a "Note Claim") on or under one or more of the 9 5/8% Senior Subordinated Notes due 2014, issued by Tropicana Entertainment, LLC and Tropicana Finance Corp. under the Indenture dated as of December, 28, 2006, as amended (the "Notes"); provided, however, that: (i) the foregoing exclusion in this subparagraph shall not apply to the indenture trustee or any similar agent under the Notes (the "Indenture Trustee"); (ii) the Indenture Trustee is required to file a proof of claim on or before the General Bar Date with respect to all of the Note Claims; and (iii) any holder of a Note wishing to assert a Claim, other than a Note Claim, arising out of or relating to the Notes is required to file a proof of claim on or before the General Bar Date, unless another exception in this paragraph applies.

6. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

As described in Section 1 above, any person or entity that has a Claim arising out of the rejection of an executory contract or unexpired lease prior to the confirmation of a plan of reorganization must file a proof of claim for damages caused by such rejection by the Rejection Bar Date.

7. **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE**

ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY CLAIM AGAINST THE DEBTORS THAT THE PERSON OR ENTITY HAS THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH PERSON OR ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION THAN ANY CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH PERSON OR ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); OR (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF REORGANIZATION IN THE DEBTORS' CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM.

8. **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a Claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your Claim(s). If you received postpetition payments from the Debtors (as authorized

6

by the Court) on account of your Claim, the information on the enclosed proof of claim form may reflect the net remaining amount of your Claims. If the Debtors believe that you may hold Claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your Claim against one Debtor, as listed on the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the Claim is accurately listed on the Schedules. However, you may rely on the enclosed form, which: sets forth the amount of your Claim (if any) as listed on the Schedules; identifies the Debtor against which it is listed on the Schedules; specifies whether your Claim is listed on the Schedules as disputed, contingent, or unliquidated; and identifies whether your Claim is listed on the Schedules as a secured, unsecured priority, or unsecured nonpriority Claim.

As described above, if you agree with the nature, amount, and status of your Claim as listed in the Debtors' Schedules, and if you do not dispute that your Claim is only against the Debtor specified by the Debtors, and if your Claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## 9. RESERVATION OF RIGHTS

The Debtors reserve the right to: (a) dispute, or to assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability, priority, classification, or otherwise; (b) subsequently designate any Claim listed on the Schedules as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules. Nothing contained in this Notice shall preclude the Debtors from objecting to any Claim, whether listed on the Schedules or filed, on any grounds.

## 10. ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on KCC's website at http://www.kccllc.net/tropicana. The Schedules and other filings in the Debtors' chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in the Debtors' chapter 11 cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 8234 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, KCC, directly by writing to: Tropicana Claims Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245, or contact the Tropicana Claims Hotline at: (888) 733-1425.

A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.

| | |
|---|---|
| DATED: July 24, 2008<br>Wilmington, Delaware | BY ORDER OF THE COURT<br>THE HONORABLE KEVIN J. CAREY |

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (Bar No. 2981)
Daniel J. DeFranceschi (Bar No. 2732)
Paul N. Heath (Bar No. 3704)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

    - and -

**KIRKLAND & ELLIS LLP**
Marc Kieselstein, P.C. (*pro hac vice*)
David R. Seligman, P.C. (*pro hac vice*)
Marc J. Carmel (*pro hac vice*)
Erik W. Chalut (*pro hac vice*)
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION

K&E 13097493.5

# APPENDIX A

# LIST OF THE DEBTORS AND THEIR CASE NUMBERS

| **Debtor** | **Street Address** | **Mailing Address** | **Case Number** |
|---|---|---|---|
| Adamar Garage Corporation | South Brighton Avenue and the Boardwalk<br>Atlantic City, NJ 08401 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10885 |
| Adamar of Nevada | 3801 Las Vegas Blvd., South<br>Las Vegas, NV 89109 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10888 |
| Argosy of Louisiana, Inc. | 102 and 103 France Street<br>Baton Rouge, LA 70802 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10858 |
| Atlantic-Deauville, Inc. | South Brighton Avenue and the Boardwalk<br>Atlantic City, NJ 08401 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10860 |
| Aztar Corporation | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10857 |
| Aztar Development Corporation | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10859 |
| Aztar Indiana Gaming Company, LLC | 421 NW Riverside Drive<br>Evansville, IN 47708 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10861 |
| Aztar Indiana Gaming Corporation | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10863 |
| Aztar Missouri Gaming Corporation | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10866 |
| Aztar Riverboat Holding Company, LLC | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10867 |
| Catfish Queen Partnership in Commendam | 102 and 103 France Street<br>Baton Rouge, LA 70802 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10870 |
| Centroplex Centre Convention Hotel, L.L.C. | 102 and 103 France Street<br>Baton Rouge, LA 70802 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10871 |
| Columbia Properties Laughlin, LLC | 2700 South Casino Drive<br>Laughlin, NV 89028 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10873 |
| Columbia Properties Tahoe, LLC | 55 Highway 50<br>Sateline, NV 89449 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10875 |
| Columbia Properties Vicksburg, LLC | 1310 Mulberry<br>Vicksburg, MS 39180 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10877 |
| CP Baton Rouge Casino, L.L.C. | 102 and 103 France Street<br>Baton Rouge, LA 70802 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10874 |
| CP Laughlin Realty LLC | 2700 South Casino Drive<br>Laughlin, NV 89028 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10881 |
| Hotel Ramada of Nevada | 3801 Las Vegas Blvd., South<br>Las Vegas, NV 89109 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10883 |
| Jazz Enterprises, Inc. | 102 and 103 France Street<br>Baton Rouge, LA 70802 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10862 |
| JMBS Casino LLC | 211 Lakefront Road and 242 S. Walnut Street<br>Greenville, MS 38701 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10864 |
| Ramada New Jersey Holdings Corporation | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10865 |
| Ramada New Jersey, Inc. | South Brighton Avenue and the Boardwalk<br>Atlantic City, NJ 08401 | 740 Centre View Blvd.<br>Crestview Hills, KY 41017 | 08-10868 |

| **Debtor** | **Street Address** | **Mailing Address** | **Case Number** |
|---|---|---|---|
| St. Louis Riverboat Entertainment, Inc. | 199 N. Lakefront Road Greenville, MS 38701 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10869 |
| Tahoe Horizon, LLC | 50 Highway 50 Stateline, NV 89449 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10872 |
| Tropicana Development Company, LLC | 3801 Las Vegas Blvd., South Las Vegas, NV 89109 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10874 |
| Tropicana Enterprises | 3801 Las Vegas Blvd., South Las Vegas, NV 89109 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10889 |
| Tropicana Entertainment Holdings, LLC | 740 Centre View Blvd. Crestview Hills, KY 41017 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10876 |
| Tropicana Entertainment Intermediate Holdings, LLC | 740 Centre View Blvd. Crestview Hills, KY 41017 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10878 |
| Tropicana Entertainment, LLC | 740 Centre View Blvd. Crestview Hills, KY 41017 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10856 |
| Tropicana Express, Inc. | 2121 S. Casino Drive Laughlin, NV 89029 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10880 |
| Tropicana Finance Corp. | 740 Centre View Blvd. Crestview Hills, KY 41017 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10882 |
| Tropicana Las Vegas Holdings, LLC | 740 Centre View Blvd. Crestview Hills, KY 41017 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10884 |
| Tropicana Las Vegas Resort and Casino, LLC | 740 Centre View Blvd. Crestview Hills, KY 41017 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10886 |
| Tropicana Real Estate Company, LLC | 3801 Las Vegas Blvd., South Las Vegas, NV 89109 | 740 Centre View Blvd. Crestview Hills, KY 41017 | 08-10887 |

B 10 (Modified Official Form 10) (12/07) (TROPICANA)

| United States Bankruptcy Court For The District of Delaware | | **Proof of Claim** |
|---|---|---|
| Name of Debtor: | | Case Number: |

NOTE: *Other than claims under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. | **Section 503(b)(9) Claim** $_____ ☐ Check this box if your claim is for the value of goods received by the debtor within 20 days before the date of commencement of the case (11 U.S.C. § 503(b)(9)). Include the amount of such claim in the space for "Amount entitled to priority" above. |
|---|---|---|
| Name and address where notices should be sent: | Court Claim Number:_____ (*If known*) Filed on:_____ | |
| Telephone number: | | |
| Name and address where payment should be sent (if different from above): | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ☐ Check this box if you are the debtor or trustee in this case. | |
| Telephone number: | | |

**1. Amount of Claim as of Date Case Filed:** $_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:**_____

    **3a. Debtor may have scheduled account as:**_____
    (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate**___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**If any:** $_____ **Basis for perfection:**_____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FOR COURT USE ONLY** |
|---|---|---|

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5)

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7)

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Modified Official Form 10) (12/07) (TROPICANA) – Cont.

# INSTRUCTION FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanation of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise delete, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____INFORMATION_____

**Acknowledgement of Filing of Claim**
To receive acknowledgement of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.