## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TROPICANA ENTERTAINMENT, LLC, et al.,[1] | ) | Case No. 08-10856 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket No. 1994** |

## FINDING OF FACTS, CONCLUSIONS OF LAW, AND ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF REORGANIZATION OF TROPICANA LAS VEGAS HOLDINGS, LLC AND CERTAIN OF ITS DEBTOR AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Certain of the above-captioned debtors in possession (collectively, the "LandCo Debtors")[2]

having:

- filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code[3] on May 5, 2008 (the "Petition Date");

- continued to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed in the Chapter 11 Cases;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Adamar Garage Corporation (1225); Adamar of Nevada Corporation (4178); Argosy of Louisiana, Inc. (5121); Atlantic-Deauville Inc. (2629); Aztar Corporation (6534); Aztar Development Corporation (0834); Aztar Indiana Gaming Company, LLC (5060); Aztar Indiana Gaming Corporation (1802); Aztar Missouri Gaming Corporation (8819); Aztar Riverboat Holding Company, LLC (5055); Catfish Queen Partnership in Commendam (4791); Centroplex Centre Convention Hotel, L.L.C. (2613); Columbia Properties Laughlin, LLC (9651); Columbia Properties Tahoe, LLC (1611); Columbia Properties Vicksburg, LLC (0199); CP Baton Rouge Casino, L.L.C. (9608); CP Laughlin Realty, LLC (9621); Hotel Ramada of Nevada Corporation (8259); Jazz Enterprises, Inc. (4771); JMBS Casino LLC (6282); Ramada New Jersey Holdings Corporation (4055); Ramada New Jersey, Inc. (5687); St. Louis Riverboat Entertainment, Inc. (3514); Tahoe Horizon, LLC (9418); Tropicana Development Company, LLC (0943); Tropicana Enterprises (7924); Tropicana Entertainment Holdings, LLC (9131); Tropicana Entertainment Intermediate Holdings, LLC (9214); Tropicana Entertainment, LLC (9263); Tropicana Express, Inc. (0806); Tropicana Finance Corp. (4040); Tropicana Las Vegas Holdings, LLC (9332); Tropicana Las Vegas Resort and Casino, LLC (9355); and Tropicana Real Estate Company, LLC (1107). The location of the Debtors' corporate headquarters and the service address for all Debtors is: 3930 Howard Hughes Parkway, 4th Floor, Las Vegas, Nevada 89169.

[2] The LandCo Debtors are: Adamar of Nevada Corporation; Hotel Ramada of Nevada Corporation; Tropicana Development Company, LLC; Tropicana Enterprises; Tropicana Las Vegas Holdings, LLC; Tropicana Las Vegas Resort and Casino, LLC; and Tropicana Real Estate Company, LLC.

[3] Capitalized terms used and not otherwise defined herein shall have those meanings ascribed to them in the Plan (as defined herein).

- filed on January 8, 2009, the *Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No.1351];

- filed on January 11, 2009, the *Disclosure Statement to the Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1360];

- filed on February 26, 2009, the *First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1543];

- filed on February 26, 2009, the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1545];

- filed on March 5, 2009, the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1585];

- filed on March 5, 2009, the *First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1587];

- filed on March 6, 2009, the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1629];

- filed on March 23, 2009, the *First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1735];

- filed on March 23, 2009, the *Disclosure Statement for the First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1738] (the "Disclosure Statement");

- obtained approval of the Disclosure Statement by that certain *Order (I) Approving (A) the LandCo Debtors' Disclosure Statement, (B) the Solicitation and Notice Procedures, (C) the Voting and Tabulation Procedures, (D) the Confirmation Notice and Objection Procedures, and (E) the Procedures Associated with the Rights Offering, and (II) Scheduling a Confirmation Hearing* [Docket No. 1638] (the "Solicitation Procedures Order"), which Order also approved, among other things, solicitation procedures (the "Solicitation Procedures") and related notices, forms, and Ballots (collectively, the "Solicitation Materials") and solicitation procedures with respect to the Rights Offering and Subscription Rights (the "Rights Offering Procedures") and related notices and Subscription Forms (collectively, the "Rights Offering Materials");

2

- published the Confirmation Hearing Notice in *The Wall Street Journal*, as evidenced by the *Affidavit of Publication of Erin Ostenson in the Wall Street Journal* filed on April 1, 2009 [Docket No.1801] (the "Publication Affidavit");

- completed distributing the Solicitation Materials and Rights Offering on March 23, 2009, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures Order, the Solicitation Procedures, and the Rights Offering Procedures, as evidenced by the *Affidavit of Service of Andres A. Estrada re: Order (I) Approving (A) the LandCo Debtors' Disclosure Statement, (B) the Solicitation and Notice Procedures, (C) the Voting and Tabulation Procedures, (D) the Confirmation Notice and Objection Procedures, and (E) the Procedures Associated with the Rights Offering, and (II) Scheduling a Confirmation Hearing*, filed on April 3, 2009 [Docket No. 1827] (the "Affidavit of Service");

- filed on April 10, 2009, various documents comprising the *Plan Supplement in Support of First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1865] (the "Initial Plan Supplement");

- filed on May 1, 2009, the First Amendment to *Plan Supplement in Support of First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1954] (the "Amended Plan Supplement," and, together with the Initial Plan Supplement, as amended and/or supplemented, the "Plan Supplement");

- filed on May 1, 2009, the *First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1976];

- filed on May 1, 2009, the *Declaration of Patrick J. Morrow with respect to the Tabulation of Votes on the First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1967] (the "Voting Report");

- filed on May 1, 2009, the *Declaration of Scott C. Butera In Support of Confirmation of the First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1969]; the *Declaration of John R. Castellano In Support of Confirmation of the First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1972] and the *Declaration of Daniel M. Aronson In Support of Confirmation of the First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No.1971] (all declarations identified in this paragraph, collectively, the "Confirmation Declarations");

3

- filed on May 1, 2009, the *Debtors' Memorandum of Law (A) in Support of First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code and (B) in Response to Objections Thereto* [Docket No. 1962] (the "Confirmation Brief");

- filed on May 1, 2009, the *Motion of the Debtors Seeking Approval of Immaterial Modifications to the First Amended Joint Plan of Reorganization of Tropicana Entertainment, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code and the First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code Without the Need for Further Solicitation of Votes* [Docket No. 1981], which is approved as set forth in this Order; and

- filed on May 5, 2009, the *First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 1994] (as amended with certain technical, immaterial modifications resolving various formal and informal objections, in the form attached hereto as Exhibit A, the "Plan").

The Bankruptcy Court having:

- entered the Solicitation Procedures Order;

- set April 27, 2009 at 10:00 a.m. prevailing Eastern time, as the date and time of the Confirmation Hearing pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128, and 1129 of the Bankruptcy Code, which was continued to May 5, 2009 at 10:30 a.m. prevailing Eastern time;

- reviewed the Disclosure Statement, the Plan, the Plan Supplement, the Confirmation Brief, the Confirmation Declarations, the Voting Report, and all other pleadings, exhibits, statements, documents, and filings regarding Confirmation of the Plan;

- heard and considered the statements of counsel and all other testimony and evidence proffered and/ or adduced at the Confirmation Hearing, and in respect of Confirmation of the Plan;

- overruled any and all objections to the Plan and all statements and reservations of rights not consensually resolved or withdrawn; and

- taken judicial notice of the papers and pleading filed in the Chapter 11 Cases.

NOW, THEREFORE, it appearing to the Bankruptcy Court that notice of the

Confirmation Hearing and the opportunity for any Entity to object to Confirmation have been

adequate and appropriate as to all Entities, including all Entities affected or to be affected by the

4

Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of Confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing herefore, the Bankruptcy Court hereby makes and issues the following findings of fact, conclusions of law, and orders:[4]

## A.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

### A. Jurisdiction and Venue

1. On the Petition Date, each LandCo Debtor commenced a Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The LandCo Debtors were and are qualified to be debtors under section 109 of the Bankruptcy Code. By order of the Bankruptcy Court, [Docket No. 49], the Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015. Venue in the District of Delaware was proper as of the Petition Date and continues to be proper as of the date of the Confirmation Order. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b). The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

---

[4] This "Confirmation Order" constitutes the Bankruptcy Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014. Any and all findings of fact shall constitute findings of fact even if they are stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if they are stated as findings of fact. Further, any findings of fact and conclusions of law announced on the record in open court are incorporated by reference herein.

**B.  Judicial Notice**

2.      The Bankruptcy Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the clerk of the Bankruptcy Court and/ or its duly appointed agent (the "Docket"), including, without limitation, all pleadings and other documents on file, all orders entered, and the transcripts of, and all evidence and arguments made, proffered, or adduced at the hearings held before the Bankruptcy Court during the pendency of the Chapter 11 Cases. The Bankruptcy Court also finds that the Plan is dated and identifies the Plan's proponents, thereby satisfying Bankruptcy Rule 3016(a).

**C.  Burden of Proof**

3.      The LandCo Debtors, as the Plan proponents, have met their burden of proving the elements of section 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard in the Bankruptcy Court. The Bankruptcy Court also finds that the LandCo Debtors have satisfied the elements of section 1129(a) and 1129(b) of the Bankruptcy Code by clear and convincing evidence.

**D.  Solicitation Procedures Authorization**

4.      On March 6, 2009, the Bankruptcy Court entered the Solicitation Procedures Order that, among other things: (a) approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017; (b) fixed the Voting Deadline to accept or reject the Plan; (c) fixed the date and time for the commencement of the Confirmation Hearing; (d) established the objection deadline and procedures for objecting to the Plan; (e) approved the form and method of notice of the Confirmation Hearing; (f) established the Voting Record Date; (g) approved and established the Solicitation Procedures and Solicitation Materials; and (h) approved and established the Rights Offering Procedures and the Rights Offering Materials.

### E.    Service of Solicitation Materials

5.    As evidenced in the Affidavit of Service and the Voting Report, the LandCo Debtors complied with the service requirements and procedures approved in the Solicitation Procedures Order.

### F.    Publication of Confirmation Hearing Notice

6.    As evidenced in the Publication Affidavit, the LandCo Debtors published the Confirmation Hearing Notice in *The Wall Street Journal* on April 1, 2009.

### G.    Voting Report and Solicitation

7.    On May 1, 2009, the Voting Report certifying, among other things, the method and results of the ballot tabulation for each of the Classes to accept or reject the Plan was Filed with the Bankruptcy Court.

8.    Based upon the Voting Report, all procedures used to provide notice and distribute Solicitation Materials and the Rights Offering Materials to the applicable Holders of Claims and to tabulate the Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other applicable federal, state, and local laws, rules, and regulations (collectively, the "Applicable Laws").

9.    As evidenced by the Voting Report, all Ballots were properly tabulated, and votes for acceptance and rejection of the Plan and offers for Subscription Rights were solicited in good faith and complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and all other Applicable Laws.

10.    Each of the LandCo Debtors and, to the extent applicable, their respective Affiliates, agents, directors, members, partners, officers, employees, advisors, and attorneys have

7

solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Procedures Order, and all other Applicable Laws.

## H.   Plan Supplement

11.    The documents identified in the Plan Supplement were filed as required and were modified and supplemented in accordance with the Plan and Applicable Laws. Notice of such documents was good and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order, and no other or further notice is or shall be required. The LandCo Debtors are authorized to modify the Plan Supplement in conformity with the Plan, including following entry of the Confirmation Order, to make: (a) modifications non-material or non-adverse to Holders of such Claims or Interests; (b) material or adverse modifications that have been approved by all affected Entities; and (c) modifications for which the Bankruptcy Court has granted approval.

## I.   Plan Modifications

12.    Subsequent to solicitation, the LandCo Debtors made certain non-material modifications to the Plan. All modifications to the Plan since the entry of the Solicitation Procedures Order are consistent with all of the provisions of the Bankruptcy Code, including, without limitation, sections 1122, 1123, 1125, and 1127 of the Bankruptcy Code. Prior notice regarding the substance of any modifications to the Plan, coupled with the filing with the Bankruptcy Court of the Plan as modified, and the disclosure of the Plan modifications on the record at or prior to the Confirmation Hearing constitute due and sufficient notice of any and all such modifications.

13.    The technical modifications to the Plan (reflected in the Plan filed on May 1, 2009) constitute non-material changes, changes with respect to particular Claims or Interests by

8

agreement with Holders of such Claims or Interests, or changes with respect to particular Claims or Interests that do not materially adversely affect or change the treatment of any Claims or Interests and (a) require no additional or further solicitation of votes on the Plan; and (b) do not materially adversely impact the treatment of, or distributions to, Holders of Claims and Interests under the Plan. Accordingly, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, such modifications do not require additional disclosure pursuant to section 1125 of the Bankruptcy Code or re-solicitation of votes pursuant to section 1126 of the Bankruptcy Code, nor do they require that Holders of Claims and Interests be afforded an opportunity to change any previously cast votes to accept or reject the Plan.

14. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are deemed to have accepted the Plan as modified by the Plan modifications. No Holder of a Claim or Interest shall be permitted to change its vote as a consequence of the Plan modifications, unless otherwise agreed to by the Holder of the Claim or Interest and the LandCo Debtors. The modification to the Plan are hereby approved, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. The Plan as modified shall constitute the Plan submitted for Confirmation.

## J. Compliance with the Requirements of Section 1129 of the Bankruptcy Code

15. The Plan complies with all applicable provisions of section 1129 of the Bankruptcy Code as follows:

9

**(1)**     **Section    1129(a)(1)—Compliance    of    the    Plan    With    Applicable
Provisions of the Bankruptcy Code**

16.     The Plan complies with all applicable provisions of the Bankruptcy Code as
required by section 1129(a)(1) of the Bankruptcy Code, including, without limitation,
sections 1122 and 1123 of the Bankruptcy Code.

**(i)     Sections 1122 and 1123(a)(1)—Proper Classification**

17.     Article III of the Plan designates Classes of Claims and Interests, other than
Administrative Claims and Priority Tax Claims.[5]   As required by section 1122(a) of the
Bankruptcy Code, each Class of Claims and Interests contains only Claims or Interests that are
substantially similar to the other Claims or Interests within that Class.  Valid reasons exist for
separately classifying the various Classes of Claims and Interests created under the Plan.  The
Plan, therefore, satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

**(ii)    Sections    1123(a)(2)    and    1123(a)(3)—Specified    Unimpaired    and
Impaired Classes**

18.     Article III of the Plan specifies that Claims in Classes 1 and 2 are Unimpaired.
Additionally, Administrative Claims and Priority Tax Claims are Unimpaired and not classified
under the Plan. Article III of the Plan also specifies the treatment of each Impaired Class under
the Plan, which are Classes 3, 4, 5, 6, 7, 8, and 9. The Plan, therefore, satisfies section 1123(a)(2)
and 1123(a)(3) of the Bankruptcy Code.

**(iii)   Section 1123(a)(4)—No Discrimination**

19.     Article III of the Plan provides the same treatment for each Claim or Interest
within a particular Class unless the Holder of a particular Claim or Interest has agreed to a less

---

[5]    The Administrative Claims and Priority Tax Claims are not required to be designated pursuant to section
1123(a)(1) of the Bankruptcy Code.

K&E 14481682.26

favorable treatment with respect to such Claim or Interest. The Plan, therefore, satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

(iv) **Section 1123(a)(5)—Adequate Means for Implementation of the Plan**

20. The Plan and the various documents and agreements set forth in the Plan Supplement provide adequate and proper means for the Plan's implementation, including: (a) formation and corporate governance of New LandCo and the Liquidating LandCo Debtors; (b) the Working Capital Facility (if executed); (c) issuance of the New LandCo Securities; (d) creation of the Litigation Trust; and (e) cancellation of the LandCo Credit Facility to the extent set forth in the Plan. Additionally, the LandCo Debtors will have sufficient Cash to make all payments required to be made on the Effective Date or otherwise prescribed pursuant to the terms of the Plan. The Plan, therefore, satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

(v) **Section 1123(a)(6)—Non-Voting Equity Securities**

21. The charter of the Liquidating LandCo Debtors and New LandCo Corporation Purchaser shall include a provision prohibiting the issuance of nonvoting equity securities in compliance with section 1123(a)(6) of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1123(a)(6) of the Bankruptcy Code. Section 1123(a)(6) of the Bankruptcy Code does not apply to New LandCo Corporation, as New LandCo Corporation has not received a transfer of all or part of the property of the estate of the LandCo Debtors, and has not merged or consolidated with one or more of the LandCo Debtors.

(vi) **Section 1123(a)(7)—Designation of Directors and Officers**

22. Articles IV.S and IV.T of the Plan and the documents in the Plan Supplement describe the manner of selection of directors and officers of New LandCo Corporation and the Liquidating LandCo Debtors, respectively. Such provisions are consistent with the interests of

11

creditors, equity security holders, and public policy. The Plan, therefore, satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

### (vii) Section 1123(b)—Discretionary Contents of the Plan

23. The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1123(b) of the Bankruptcy Code.

### (2) Section 1129(a)(2)—the LandCo Debtors' Compliance With Applicable Provisions of the Bankruptcy Code

24. The LandCo Debtors, as Plan proponents, have complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including, without limitation, sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018, and 3019. In particular, the LandCo Debtors are proper debtors under section 109 of the Bankruptcy Code and proper Plan proponents under section 1121(a) of the Bankruptcy Code. Furthermore, the solicitation of acceptances or rejections of the Plan and offers for Subscription Rights: (a) complied with the Solicitation Procedures Order; (b) complied with all Applicable Laws governing the adequacy of disclosure in connection with such solicitation; and (c) occurred only after disclosing "adequate information," as section 1125(a) of the Bankruptcy Code defines that term, to Holders of Claims and Interests. Accordingly, the LandCo Debtors, and their respective Affiliates, agents, directors, members, partners, officers, employees, advisors, and attorneys, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1129(a)(2) of the Bankruptcy Code.

12

### (3) Section 1129(a)(3)—Proposal of Plan in Good Faith

25. The LandCo Debtors have proposed the Plan in good faith and not by any means forbidden by law. In so determining, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Plan itself, and the process leading to its Confirmation. The Chapter 11 Cases were filed, and the Plan was proposed, with the legitimate purpose of allowing the LandCo Debtors to reorganize and emerge from bankruptcy with a capital structure that will allow them to satisfy their obligations with sufficient liquidity and capital resources. The Plan, therefore, satisfies the requirements of section 1129(a)(3) of the Bankruptcy Code.

### (4) Section 1129(a)(4)—Bankruptcy Court Approval of Certain Payments as Reasonable

26. Payments made or to be made by the LandCo Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, have been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable. The Plan, therefore, satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

### (5) Section 1129(a)(5)—Disclosure of Identity of Proposed Management and Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy

27. The LandCo Debtors provided requisite disclosures regarding proposed directors and officers of New LandCo Corporation and the Liquidating LandCo Debtors following Confirmation, as and to the extent required by section 1129(a)(5) of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

13

### (6) Section 1129(a)(6)—Approval of Rate Changes

28.     The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval. Therefore, section 1129(a)(6) of the Bankruptcy Code does not apply to the Chapter 11 Cases.

### (7) Section 1129(a)(7)—Best Interests of Creditors and Interest Holders

29.     The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Liquidation Analysis annexed to the Disclosure Statement and the other evidence related thereto, as supplemented by the evidence proffered or adduced at or prior to, or in the Confirmation Declarations filed in connection with, the Confirmation Hearing, are persuasive and credible. The methodology used and assumptions made in the Liquidation Analysis, as supplemented by the evidence proffered or adduced at or prior to, or in the Confirmation Declarations filed in connection with, the Confirmation Hearing, are reasonable.

30.     With respect to each Impaired Class, each Holder of an Allowed Claim or Interest has accepted the Plan or will receive under the Plan on account of its respective Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that each such Holder would have received if the LandCo Debtors were to have liquidated on the Effective Date under chapter 7 of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

### (8) Section 1129(a)(8)—Acceptance of the Plan By Each Impaired Class

31.     As indicated in Article III of the Plan, the following Classes are Unimpaired and are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code:

14

| Class Description | Class Designation |
| --- | --- |
| Other Priority Claims | 1 |
| Other Secured Claims | 2 |

32.     As indicated in the Voting Report, each of the following Impaired Classes voted to accept the Plan:

| Class Description | Class Designation |
| --- | --- |
| LandCo Credit Facility Secured Claims | 3 |
| LandCo General Unsecured Claims | 4 |
| LandCo Credit Facility Deficiency Claims | 5 |

33.     As indicated in the Voting Report, the following Impaired Class voted to reject the Plan (the "Impaired Rejecting Class"):

| Class Description | Class Designation |
| --- | --- |
| Insider Claims | 6 |

34.     The Plan provides that Holders of Claims and Interests in the following Classes will not receive any distribution or retain any property and, therefore, Holders of Claims and Interests in such Classes are deemed to have rejected the Plan (the "Deemed to Reject Classes") pursuant to section 1126(g) of the Bankruptcy Code:

| Claims Description | Class Designation |
| --- | --- |
| Intercompany Claims | 7 |
| Yung Interests | 8 |
| Intercompany Interests | 9 |

35.     The Plan, therefore, fails to satisfy the requirement of section 1129(a)(8) of the Bankruptcy Code; however, the Plan does satisfy section 1129(b) of the Bankruptcy Code as set forth in paragraphs 42 through 45 of the Confirmation Order.

K&E 14481682.26

### (9) Section 1129(a)(9)—Treatment of Claims Entitled To Priority Pursuant To Section 507(a) of the Bankruptcy Code

36.     The treatment of Administrative Claims and Priority Tax Claims as set forth in Article II of the Plan is in accordance with the requirements of section 1129(a)(9) of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

### (10) Section 1129(a)(10)—Acceptance By At Least One Impaired Class

37.     As set forth in the Voting Report and herein, at least one Impaired Class has voted to accept the Plan. The Plan, therefore, satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

### (11) Section 1129(a)(11)—Feasibility of the Plan

38.     Based upon the evidence proffered or adduced at or prior to, or in the Confirmation Declarations filed in connection with, the Confirmation Hearing, the Plan is feasible, and Confirmation of the Plan is not likely to be followed by New LandCo or the Liquidating LandCo Debtors liquidating or requiring further financial reorganization. The Plan, therefore, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

### (12) Section 1129(a)(12)—Payment of Bankruptcy Fees

39.     Article XIII.C of the Plan provides for the payment of all fees payable by the LandCo Debtors and the Liquidating LandCo Debtors under 28 U.S.C. § 1930(a). The Plan, therefore, satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

### (13) Section 1129(a)(13)—Retiree Benefits

40.     Article IV.X of the Plan provides for the timely payment post-Confirmation of retiree benefits (as section 1114 of the Bankruptcy Code defines that term), if any, to the extent

K&E 14481682.26

such retiree benefits are payable by the Liquidating LandCo Debtors or New LandCo. The Plan, therefore, satisfies section 1129(a)(13) of the Bankruptcy Code.

### (14) Section 1129(a)(14), (15), and (16)

41.     The LandCo Debtors do not owe any domestic support obligations, are not individuals, and are not nonprofit corporations. Therefore, section 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code does not apply to the Chapter 11 Cases.

### (15) Section 1129(b)—Classification of Claims and Interests and Confirmation of Plan Over Nonacceptance of Impaired Classes

42.     The classification and treatment of Claims and Interests in the Plan is: (a) proper and in accordance with section 1122 of the Bankruptcy Code; and (b) does not discriminate unfairly in accordance with section 1129(b)(1) of the Bankruptcy Code.

43.     Notwithstanding the fact that not all Impaired Classes have voted to accept the Plan, the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code if: (a) all of the requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8) have been met; (b) the Plan does not discriminate unfairly; and (c) the Plan is fair and equitable with respect to the Impaired Rejecting Class and the Deemed to Reject Classes.

44.     There is no Class of Claims or Interests junior to the Holders of Claims or Interests in the Impaired Rejecting Class or Deemed to Reject Classes that will receive or retain any property under the Plan on account of their Claims or Interests.     Accordingly, the requirements of section 1129(b)(2) of the Bankruptcy Code are satisfied with respect to the Deemed to Reject Classes and the Impaired Rejecting Class, and the Plan does not violate the absolute priority rule, does not discriminate unfairly, and is fair and equitable with respect to such Classes.

17

45.     The Plan, therefore, satisfies the requirements of section 1129(b) of the Bankruptcy Code.

### (16) Section 1129(c)—Only One Plan

46.     Other than the Plan (including previous versions thereof), no other plan has been filed for the LandCo Debtors in the Chapter 11 Cases.  The Plan, therefore, satisfies the requirements of section 1129(c) of the Bankruptcy Code.

### (17) Section 1129(d)—Principal Purpose of the Plan Is Not Avoidance of Taxes

47.     The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act (15 U.S.C. § 77e).  The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

### K.    Satisfaction of Confirmation Requirements

48.     Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

### L.    Good Faith

49.     Based on the record before the Bankruptcy Court in the Chapter 11 Cases, the LandCo Debtors, the Creditors Committee, the LandCo Lenders, the LandCo Agent at the direction of the Required LandCo Lenders, and their respective Affiliates, agents, directors, members, partners, officers, employees, advisors, and attorneys, have acted in good faith and will continue to act in good faith if they proceed to:  (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by the Confirmation Order.

### M.    Rights Offering

50.     The Rights Offering is an essential element of the Plan and entry into and consummation of the transactions contemplated by the Rights Offering is in the best interests of

18

the LandCo Debtors, the LandCo Estates, and Holders of Claims and is approved in all respects. The LandCo Debtors have exercised reasonable business judgment in connection with the Rights Offering and the proposed terms thereunder have been negotiated in good faith and at arm's-length and are fair and reasonable.

### N.   New LandCo Warrants

51.     The New LandCo Warrants are an essential element of the Plan and entry into and consummation of the transactions contemplated by the New LandCo Warrants is in the best interests of the LandCo Debtors, the LandCo Estates, and Holders of Claims and is approved in all respects. The LandCo Debtors have exercised reasonable business judgment in connection with the New LandCo Warrants and the proposed terms thereunder have been negotiated in good faith and at arm's-length and are fair and reasonable.

### O.   LandCo Lender Settlement

52.     The LandCo Lender Settlement is an essential element of the Plan and entry into and consummation of the LandCo Lender Settlement is in the best interests of the LandCo Debtors, the LandCo Estates, and Holders of Claims and is approved in all respects. The LandCo Debtors have exercised reasonable business judgment in connection with the LandCo Lender Settlement and the proposed terms thereunder have been negotiated in good faith and at arm's-length and are fair and reasonable.

### P.   Settlement Payment

53.     The Settlement Payment is an essential element of the Plan, is in the best interests of the LandCo Debtors, the LandCo Estates, and Holders of Claims and is approved in all respects.

19

## Q. Disclosure of Agreements and Other Documents

54.     The LandCo Debtors have disclosed all material facts required for Confirmation of the Plan regarding:  (a) the adoption of the new certificates of incorporation and bylaws or similar constituent documents, as set forth in the Plan Supplement; (b) the selection of directors and officers for the Liquidating LandCo Debtors and New LandCo Corporation; (c) the distribution of Cash in accordance with the Plan; (d) the issuance of New LandCo Common Stock; (e) the Rights Offering (and the Rights Offering Shares); (f) the Restructuring Transactions; (g) the Stockholders' Agreement; (h) the issuance of the New LandCo Warrants; (i) the adoption, execution, and implementation of the other matters provided for under the Plan involving corporate action to be taken by or required of the Debtors, the Liquidating LandCo Debtors or New LandCo; (j) the Management Services Arrangement; (k) the Interim Services Arrangement; (l) securities registration exemptions; (m) the Litigation Trust and the Litigation Trust Agreement; (n) the exemption under section 1146(a) of the Bankruptcy Code; (o) the Interim Gaming Lease; and (p) the adoption, execution, and delivery of all other contracts, leases, instruments, releases, indentures, and other agreements related to any of the foregoing.

## R. Implementation of Other Necessary Documents and Agreements

55.     All documents and agreements necessary to implement the Plan, including, without limitation, those contained in the Plan Supplement, which are incorporated into and are a part of the Plan as set forth in Article XIII.K of the Plan, and all other relevant and necessary documents and agreements are in the best interests of the LandCo Debtors, the LandCo Estates, the Liquidating LandCo Debtors, New LandCo, and Holders of Claims and Interests and have been negotiated in good faith and at arm's-length.   The LandCo Debtors have exercised reasonable business judgment in determining to enter into all such documents and agreements and have provided sufficient and adequate notice of such documents and agreements.   The

20

LandCo Debtors, the Liquidating LandCo Debtors, and New LandCo, as applicable, are authorized, without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity, to execute and deliver all agreements, documents, instruments, and certificates relating to such documents and agreements and to perform their obligations thereunder, including, without limitation, to pay all fees thereunder. The terms and conditions of such documents and agreements are reaffirmed or approved as applicable in all respects, and shall, upon completion of documentation and execution, be valid, binding, and enforceable and shall not conflict with any Applicable Laws.

## S.   Issuance of New LandCo Securities

56.    The offer, sale, and issuance of the New LandCo Securities, the offer, sale, and issuance of the Rights Offering Shares upon exercise of the Subscription Rights, and the offer, sale, and issuance of New LandCo Common Stock upon conversion of the Rights Offering Shares, are exempt from section 5 of the Securities Act and from any other state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of a security, pursuant to section 1145 of the Bankruptcy Code, because (a) the New LandCo Securities will be offered, sold, and issued principally in exchange for the Claims against the LandCo Debtors; and (b) the Rights Offering Shares offered, sold, and issued upon exercise of the Subscription Rights and the New LandCo Common Stock offered, sold, and issued upon conversion of the Rights Offering Shares will be offered, sold, and issued only pursuant to the Subscription Rights which were offered, sold, and issued principally in exchange for Claims against the LandCo Debtors. The offer, sale, and issuance of the New LandCo Warrants, and the New LandCo Common Stock issued upon exercise of the New LandCo Warrants are exempt from registration pursuant to the private placement exemption set forth in section 4(2) of the Securities Act because the OpCo Debtors or the Reorganized OpCo Debtors, as applicable, are

21

acquiring the New LandCo Warrants for their own account and without the intent or a view to participating directly or indirectly in, or for resale in connection with, any distribution of the New LandCo Warrants within the meaning of the Securities Act or any other Applicable Laws. The OpCo Debtors or the Reorganized OpCo Debtors, as applicable, shall not sell or transfer the New LandCo Warrants or the New LandCo Common Stock issued upon exercise of the New LandCo Warrants except in a transaction that is exempt under the Securities Act and applicable state laws or pursuant to an effective registration statement under the Securities Act and applicable state laws or in a transaction that is otherwise in compliance with the Securities Act and those state laws. New LandCo Corporation shall have no obligation to register the New LandCo Warrants or the New LandCo Common Stock issued upon exercise of the New LandCo Warrants.

## T.    Executory Contracts and Unexpired Leases

57.    The LandCo Debtors have exercised reasonable business judgment in determining whether to assume or reject each of their executory contracts and unexpired leases as set forth in Article V of the Plan, the Plan Supplement, or otherwise and in the Confirmation Order. Each assumption or rejection of an executory contract or unexpired lease pursuant to the Confirmation Order and in accordance with Article V of the Plan or otherwise shall be legal, valid, and binding upon the applicable LandCo Debtor or Liquidating LandCo Debtor, as applicable, and upon New LandCo if such executory contract or unexpired lease is assumed and assigned to New LandCo, and all non-Debtor Entities party to such executory contract or unexpired lease, all to the same extent as if such assumption or rejection had been authorized and effectuated pursuant to a separate order of the Bankruptcy Court that was entered pursuant to section 365 of the Bankruptcy Code prior to Confirmation.

22

## U.  Adequate Assurance

58.     The LandCo Debtors and New LandCo, as applicable, have provided adequate assurance of future performance for each of the assumed executory contracts and unexpired leases that are being assumed by the Liquidating LandCo Debtors (if any) or assumed and assigned to New LandCo.

59.     The LandCo Debtors have cured or provided adequate assurance that the Liquidating LandCo Debtors or New LandCo, as applicable, will cure defaults (if any) under or relating to each of the executory contracts and unexpired leases that are being assumed by the Liquidating LandCo Debtors (if any) or assumed and assigned to New LandCo pursuant to the Plan.

60.     The Plan, therefore, satisfies the requirements of section 365 of the Bankruptcy Code.

## V.  Approval of Settlements and Compromises

61.     Pursuant to section 363 of the Bankruptcy Code, Bankruptcy Rule 9019, and any Applicable Laws, and as consideration for the distributions and other benefits provided under the Plan, all settlements and compromises of Claims and Interests embodied in the Plan, including, without limitation, the LandCo Lender Settlement, constitute good faith compromises and settlements of Claims and Interests, and such compromises and settlements are fair, equitable, reasonable, appropriate in light of the relevant facts and circumstances underlying such compromise and settlement, and are in the best interests of the LandCo Debtors, the LandCo Estates, and Holders of Claims and Interests.

## W.  Transfers by LandCo Debtors; Vesting of Assets

62.     Through the Restructuring Transactions, (a) New LandCo Corporation Purchaser shall acquire the LandCo Assets (other than gaming assets that cannot be owned by an

23

unlicensed Entity) free and clear of all Liens, Claims, charges, and other encumbrances pursuant to section 1123(a)(5)(D) of the Bankruptcy Code; and (b) the lessee under the Interim Gaming Lease shall acquire, free and clear of all Liens, Claims, charges, and other encumbrances pursuant to section 1123(a)(5)(D) of the Bankruptcy Code, those LandCo Assets consisting of gaming assets that cannot be owned by an unlicensed Entity. All other transfers of property (if any) of the LandCo Debtors' Estates under or in connection with the Plan shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests pursuant to section 1123(a)(5)(D). Pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all property of each of the LandCo Debtors that has not either been abandoned pursuant to an order of the Bankruptcy Court or transferred as part of the Restructuring Transactions shall vest in each respective Liquidating LandCo Debtor free and clear of all Liens, charges, Claims, encumbrances, and other interests. Neither the transfer of the LandCo Assets pursuant to the Restructuring Transactions nor the vesting of other assets in the Liquidating LandCo Debtors constitutes a voidable transfer under the Bankruptcy Code or Applicable Laws.

## X. No Successor Liability

63. The transfer of the LandCo Assets pursuant to the Restructuring Transactions contemplated by the Plan shall not result in (a) New LandCo or the lessee under the Interim Gaming Lease having any liability or responsibility for any Claim against the LandCo Debtors or against any Affiliate or Insider of the LandCo Debtors, or (b) New LandCo or the lessee under the Interim Gaming Lease having any liability or responsibility to the LandCo Debtors or the Liquidating LandCo Debtors, in each case except as is expressly set forth in the Plan or the Confirmation Order. Without limiting the effect or scope of the foregoing, to the fullest extent permitted by law, the transfer of the LandCo Assets does not and will not subject New LandCo or the lessee under the Interim Gaming Lease or their respective Affiliates, successors or assigns

24

or their respective properties (including the LandCo Assets) to any liability for Claims against the LandCo Debtors, the LandCo Debtors' interests in such assets, or the Liquidating LandCo Debtors by reason of such transfer under any Applicable Laws, including, without limitation, any successor liability.

## Y.  Releases, Exculpation, and Injunction

64.     The release, exculpation, and injunction provisions set forth in the Plan constitute good faith compromises and settlements of the matters covered thereby and are consensual. Such compromises and settlements are made in exchange for adequate consideration and are in the best interests of Holders of Claims and Interests, are fair, necessary, equitable, and reasonable, and are integral elements of the resolution of the Chapter 11 Cases in accordance with the Plan. Each of the release, exculpation, and injunction provisions set forth in the Plan and the Confirmation Order is:  (a) within the jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334(a), 1334(b), and 1334(d); (b) an essential means of implementing the Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (c) an integral element of the transactions incorporated into the Plan; (d) conferring material benefit on, and is in the best interests of, the LandCo Debtors, the LandCo Estates, Holders of Claims and Interests; (e) important to the overall objectives of the Plan to finally resolve all Claims among or against the Entities in the Chapter 11 Cases with respect to the LandCo Debtors, their organization, capitalization, operation, and reorganization in accordance with Articles VIII.D, VIII.E, and VIII.F of the Plan; and (f) consistent with sections 105, 1123, and 1129 of the Bankruptcy Code and other applicable provisions of the Bankruptcy Code.

## Z.  Intellectual Property

65.     Nothing in the Confirmation Order is intended to limit the scope of or prejudice the parties' respective rights under Article XIII.Q of the Plan or under Article XIII.Q of the

25

OpCo Plan or the Bankruptcy Court's *Order Authorizing The Debtors To Reject Certain Executory Contracts and Unexpired Leases Involving Intellectual Property Rights* [Docket No. 1925] (the "IP Order").

## AA. Conditions To Confirmation

66.     Entry of the Confirmation Order shall satisfy the conditions to Confirmation set forth in Article X.A.3 of the Plan.

## BB. Likelihood of Satisfaction of Conditions Precedent To Effective Date

67.     Based on the statements of the parties in open court, and all other related pleadings, exhibits, and other relevant documents, each of the conditions precedent to the Effective Date, as set forth in Article X.B of the Plan, is reasonably likely to be satisfied or waived in accordance with Article X.C of the Plan.

## CC. Retention of Jurisdiction

68.     The Bankruptcy Court may properly retain jurisdiction over all matters arising out of or related to the Chapter 11 Cases, the LandCo Debtors, and the Plan after the Effective Date, to the fullest extent permitted by law, in accordance with Article XII of the Plan.

*     *     *     *     *

## B.

## ORDER

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

## A. Confirmation of the Plan

69.     The Plan (including each of its provisions), all documents and agreements necessary to implement the Plan, including, without limitation, those contained in the Plan Supplement, which are incorporated into and are a part of the Plan as set forth in Article XIII.K

26

of the Plan, and all other relevant and necessary documents and agreements are approved and confirmed in each and every respect pursuant to section 1129 of the Bankruptcy Code. The terms of the Plan, the Plan Supplement, all exhibits and addenda thereto, and the Docket are incorporated by reference into, and are an integral part of, the Confirmation Order.

70.     The terms of the Plan, the Plan Supplement, and all agreements, documents, instruments, and certificates relating thereto, shall be effective and binding as of the Effective Date of the Plan.

71.     Notwithstanding the foregoing, if there is any direct conflict between the terms of the Plan or any document or agreement included in the Plan Supplement (including their terms as incorporated by reference herein) and the terms of the Confirmation Order, the terms of the Confirmation Order shall control.

**B.    Objections to Plan Overruled**

72.     All objections and responses to the Plan, and all statements and reservation of rights regarding Confirmation, to the extent not already withdrawn, waived, or settled, shall be, and hereby are, overruled on the merits.

**C.    Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent**

73.     The provisions of the Plan and the Confirmation Order, including the findings of fact and conclusions of law set forth herein, are each nonseverable and mutually dependent.

**D.    Preparation, Delivery, and Execution of Additional Documents By Third Parties**

74.     All Holders of Claims receiving distributions pursuant to the Plan and all other parties in interest shall, from time to time, take any reasonable actions as may be necessary or advisable to effectuate the provisions and intent of the Plan, including, without limitation, execution of the Stockholders' Agreement as required by Article VII.C.8 of the Plan.

27

### E. Record Closed

75.    The record of the Confirmation Hearing is closed.

### F. Notice

76.    Good and sufficient notice has been provided with respect to: (a) the Confirmation Hearing; (b) the deadline for filing and serving objections to the Plan; (c) the proposed Cure amounts and the Cure Bar Date; (d) settlements, releases, exculpations, injunctions, and related provisions contained in the Plan; (e) the Administrative Claim Bar Date; (f) the Rights Offering Procedures and the Rights Offering Materials; and (g) other hearings described in the Solicitation Procedures Order and the Plan. Such notice has been and is hereby approved.

### G. Plan Classification Controlling

77.    The terms of the Plan alone shall govern the classification of Claims and Interests for purposes of the distributions to be made thereunder. The classifications and other information set forth on the Ballots and Rights Offering Materials tendered to or returned by the Creditors in connection with voting to accept or reject the Plan or the Rights Offering: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan or to elect to participate in the Rights Offering; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification or amounts of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any Creditor as representing the actual classification or amounts of such Claims under the Plan for distribution purposes; and (d) do not bind the LandCo Debtors, the Liquidating LandCo Debtors, or New LandCo.

### H. Treatment Is Full Satisfaction

78.    The treatment of Claims and Interests set forth in the Plan is in full and complete satisfaction of the legal, contractual, and equitable rights that each Entity holding a Claim or an

28

Interest may have against or in the LandCo Debtors, the LandCo Estates, their respective property, or the LandCo Assets. This treatment supersedes and replaces any agreements or rights those Entities may have in or against the LandCo Debtors, the LandCo Estates, their respective property, or the LandCo Assets.

## I. Matters Relating to Implementation of the Plan

### (1) Implementation of the Plan; Effectuating Documents and Further Transactions

79. In accordance with section 1142 of the Bankruptcy Code, the implementation and consummation of the Plan in accordance with its terms shall be, and hereby is, authorized and approved, and the LandCo Debtors, the Liquidating Debtors, New LandCo, or any other Entity designated pursuant to the Plan shall be, and hereby are, authorized, empowered, and directed to issue, execute, deliver, file, and record any document whether or not such document is specifically referred to in the Plan, the Disclosure Statement, the Plan Supplement, or any exhibit thereto, and to take any action necessary or appropriate to consummate the Plan and all transactions and agreements therein in accordance with its terms, including, without limitation, execution, delivery, and performance of the New LandCo Securities, the Rights Offering, the Working Capital Facility, and the Litigation Trust, without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

80. In accordance with section 1142 of the Bankruptcy Code, the implementation and consummation of the Restructuring Transactions in accordance the terms set forth in the Plan and the Plan Supplement shall be, and hereby is, authorized and approved, and the LandCo Debtors, the Liquidating Debtors, New LandCo, or any other Entity designated pursuant to the Plan shall be, and hereby are, authorized, empowered, and directed to issue, execute, deliver, file, and record any document whether or not such document is specifically referred to in the Plan, the

29

Disclosure Statement, the Plan Supplement, or any exhibit thereto, and to take any action necessary or appropriate to consummate the Restructuring Transactions in accordance with their terms.

81.    Without in any manner limiting the foregoing, on and after the Effective Date, the Liquidating LandCo Debtors and the officers and members of the board of directors of Liquidating LandCo Debtors, and New LandCo and the officers and members of the New LandCo Board, are authorized to and may issue, execute, deliver, file, or record such contracts, securities, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan, the Restructuring Transactions, and the New LandCo Securities issued pursuant to the Plan in the name of and on behalf of the Liquidating LandCo Debtors and New LandCo, respectively, without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity except for those expressly required pursuant to the Plan.

### (2)    Operation of the LandCo Debtors Between the Confirmation Date and the Effective Date

82.    The LandCo Debtors shall continue to operate as debtors in possession pursuant to the Bankruptcy Code and the Bankruptcy Rules during the period from the Confirmation Date through and until the Effective Date, and, in accordance with Article IV.V of the Plan, the LandCo Debtors shall be managed by the Interim LandCo Managers (or such managers as the Interim LandCo Managers deem appropriate, with the reasonable consent of the LandCo Agent at the direction of the Required LandCo Lenders) during the period from the Confirmation Date through and until the Effective Date pursuant to the Management Services Arrangement.

83.    From the Confirmation Date through the Effective Date, the Interim Services Arrangement shall be effective.

K&E 14481682.26

### (3) Transfer of LandCo Assets; No Successor Liability

84. Pursuant to the Restructuring Transactions: (a) the transfer of the LandCo Assets (other than gaming assets that cannot be owned by an unlicensed Entity) to New LandCo Corporation Purchaser (including all Cash held for the account of the LandCo Lenders pursuant to the LandCo Credit Facility) shall be free and clear of all Liens, Claims, charges, and other encumbrances pursuant to section 1123(a)(5)(D) of the Bankruptcy Code; (b) the transfer of LandCo Assets that consist of gaming assets that cannot be owned by an unlicensed Entity to the lessee under the Interim Gaming Lease shall be free and clear of all Liens, Claims, charges, and other encumbrances pursuant to section 1123(a)(5)(D) of the Bankruptcy Code; and (c) all Cash held for the account of the LandCo Lenders pursuant to the LandCo Credit Facility shall be delivered to New LandCo on the Effective Date and shall be free and clear of all Liens, Claims, charges, and other encumbrances pursuant to section 1123(a)(5)(D) of the Bankruptcy Code.

85. Neither New LandCo nor the lessee under the Interim Gaming Lease nor their respective Affiliates, successors or assigns nor their respective properties (including the LandCo Assets) shall, as a result of Confirmation of the Plan or consummation of the Restructuring Transactions contemplated by the Plan: (a) be or be deemed to be a successor to the LandCo Debtors or the LandCo Estates; (b) have or be deemed to have, *de facto* or otherwise, merged or consolidated with or into the LandCo Debtors or the LandCo Estates; or (c) be or be deemed to be a continuation or substantial continuation of the LandCo Debtors or any enterprise of the LandCo Debtors.

86. The transfer of the LandCo Assets pursuant to the Restructuring Transactions contemplated by the Plan shall not result in (a) New LandCo or the lessee under the Interim Gaming Lease having any liability or responsibility for any Claim against the LandCo Debtors or against any Affiliate or Insider of the LandCo Debtors, or (b) New LandCo or the lessee under

31

the Interim Gaming Lease having any liability or responsibility to the LandCo Debtors, in each case except as is expressly set forth in the Plan or the Confirmation Order.

87.     Without limiting the effect or scope of the foregoing, except as is expressly set forth in the Plan or the Confirmation Order, as a result of Confirmation of the Plan and the Restructuring Transactions neither New LandCo nor the lessee under the Interim Gaming Lease nor their respective Affiliates, successors or assigns shall have any successor or vicarious liability of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger or substantial continuity, whether known or unknown as of the Effective Date, now existing or hereafter arising, asserted or unasserted, fixed or contingent, or liquidated or unliquidated with respect to the LandCo Debtors or any obligations of the LandCo Debtors arising prior to the Effective Date, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the LandCo Assets prior to the Effective Date.

### (4)  Corporate Existence; Vesting of Assets

88.     Except as otherwise provided in the Plan, each Liquidating LandCo Debtor shall continue to exist after the Effective Date as a separate corporate entity, limited liability company, partnership, or other form, as the case may be, with all the powers of a corporation, limited liability company, partnership, or other form, as the case may be, pursuant to the Applicable Laws in the jurisdiction in which each applicable Liquidating LandCo Debtor is incorporated or formed and pursuant to the respective certificate of incorporation and bylaws (or other formation documents) in effect prior to the Effective Date, except to the extent such certificate of incorporation and bylaws (or other formation documents) are amended by or in accordance with

32

the Plan or otherwise, and to the extent such documents are amended, such documents are deemed to be amended pursuant to the Plan and require no further action or approval.

89.     Except as otherwise provided in the Plan or any agreement, instrument, or other document incorporated therein, on the Effective Date, all property other than the LandCo Assets in each LandCo Estate (if any) shall vest in each respective Liquidating LandCo Debtor, free and clear of all Liens, Claims, charges, or other encumbrances.  On and after the Effective Date, except as otherwise provided in the Plan, each Liquidating LandCo Debtor may use, acquire, or dispose of property without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

90.     Except as otherwise provided in the Plan and the Plan Supplement and notwithstanding anything to the contrary in the Confirmation Order, New LandCo shall be responsible for the Liquidating LandCo Debtors honoring obligations under the Plan, including, without limitation, resolving Disputed Claims and Interests in accordance with Article VI.A of the Plan, making distributions to Creditors in accordance with Article VII of the Plan, resolving disputed Administrative Claims and paying Allowed Administrative Claims in accordance with Article IX of the Plan, paying statutory fees in accordance with Article XIII.C of the Plan, and closing the Chapter 11 Cases in accordance with Article XIII.M of the Plan.

### (5)  Cancellation of Notes and Interests

91.     Except as otherwise provided in the Plan (including, without limitation, Articles III.B.3, III.B.5, and VII.C.2 of the Plan), all notes, stock, instruments, Certificates, and other documents evidencing the LandCo Credit Facility and the Interests (other than the Intercompany Interests as set forth in the Plan), shall be canceled on the Effective Date, and the obligations of the LandCo Debtors thereunder or in any way related thereto shall be fully released and

33

discharged; provided, however, that the notes evidencing indebtedness under the LandCo Credit Facility shall be deemed to survive as and to the extent necessary for any LandCo Lender or the LandCo Agent to establish a right to receive distributions under the Plan.

### (6) Post-Confirmation Property Sales; Transfers of Property

92.     To the extent the LandCo Debtors, the Liquidating LandCo Debtors, or New LandCo, as applicable, sell any of their property prior or subsequent to Confirmation, which sales outside of the ordinary course of business shall be subject to the consent of the LandCo Agent at the direction of the Required LandCo Lenders prior to the Effective Date and the consent of New LandCo after the Effective Date, such property may be sold pursuant to sections 363, 1123, and 1146(a) of the Bankruptcy Code.

93.     Any transfer from a LandCo Debtor to a Liquidating LandCo Debtor, New LandCo, or any Entity in accordance with, in contemplation of, or in connection with the Plan, including, without limitation, transfers pursuant to the Restructuring Transactions, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, and the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment pursuant to section 1146(a) of the Bankruptcy Code.

### (7) Litigation Trust

94.     Upon the Trust Effective Date (as defined in the Litigation Trust Agreement), the Debtors shall be authorized to enter into the Litigation Trust Agreement.

34

95.     The Litigation Trust shall become effective upon the execution of the Litigation Trust Agreement by all of the parties thereto and pursuant to the terms thereof (the "Litigation Trust Creation Date").

96.     Upon the Litigation Trust Creation Date, the Insider Causes of Action shall vest in the Litigation Trust, pursuant to the terms of the Litigation Trust Agreement and Article IV.G of the Plan.

97.     In the event that the Effective Date has not occurred as of the Loan Termination Date (as defined in the Litigation Trust Agreement), then the Trustee (as defined in the Litigation Trust Agreement) shall distribute the LandCo Portion (as defined in the Litigation Trust Agreement) to the LandCo Debtors to hold in the Litigation Trust Reserve until the Effective Date.

98.     In the event that an inconsistency exists among the Disclosure Statement, the Plan, or the Plan Supplement, as compared to the Litigation Trust Agreement, notwithstanding anything to the contrary contained herein, or in the Disclosure Statement, the Plan, or the Plan Supplement, the terms of the Litigation Trust Agreement shall control.

99.     In the event that an inconsistency exists among the Litigation Trust Agreement and the Confirmation Order, the Confirmation Order shall control.

## (8) Corporate Action; Authorization To Take Actions

100.    Each of the matters provided for by the Plan involving the corporate structure of the LandCo Debtors, the Liquidating LandCo Debtors, or the New LandCo Entities, or corporate or related actions to be taken by or required of the Liquidating LandCo Debtors or New LandCo shall, as of the Effective Date, be deemed to have occurred and be effective as provided in the Plan, and shall be authorized, approved, and, to the extent taken prior to the Effective Date,

35

ratified in all respects without any requirement of further action by Holders of Claims or Interests, directors or managers of the LandCo Debtors, or any other Entity.

101.     The Debtors, the Liquidating LandCo Debtors, and New LandCo, as applicable, may take all actions to execute, deliver, File or record such contracts, instruments, releases, leases, indentures and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan, including, without limitation, the distribution of the New LandCo Securities, without the need for any further notice to or action, order or approval of the Bankruptcy Court, or other act or action under applicable law, regulation, order or rule except for those expressly required pursuant to the Plan.   The secretary and any assistant secretary of any Debtor, any Liquidating LandCo Debtor, or any New LandCo Entity are authorized to certify or attest to any of the foregoing actions.

102.     All matters provided for pursuant to the Plan that would otherwise require approval of the shareholders, directors, managers, partners, or members of the Debtors shall be deemed to have been so approved and shall be in effect prior to or on the Effective Date pursuant to applicable law and without any requirement of further action by the shareholders, directors, managers, partners, or members of the Debtors, or the need for any approvals, authorizations, actions, or consents.

103.     The Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules and regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Supplement, the Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

36

### (9) Binding Effect; Effectiveness; Successors and Assigns

104.    Subject to Article X.B of the Plan and notwithstanding Bankruptcy Rules 3020(e), 6004(g), 7062, or otherwise, upon the occurrence of the Effective Date, the terms of the Plan and the Plan Supplement (including, without limitation, the Stockholders' Agreement) shall be immediately effective and enforceable and deemed binding upon the LandCo Debtors, the Liquidating LandCo Debtors, New LandCo, and any and all Holders of Claims or Interests (irrespective of whether any such Holders of Claims or Interests failed to vote to accept or reject the Plan, voted to accept or reject the Plan, or are deemed to accept or reject the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan, and any and all non-LandCo Debtor parties to executory contracts and unexpired leases with the LandCo Debtors.

105.    The rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign, Affiliate, officer, director, agent, representative, attorney, beneficiary, or guardian, if any, of such Entity.

### (10) Issuance of New LandCo Securities; Exemption From Securities Law

106.    New LandCo Corporation is authorized to issue or reserve for issuance the New LandCo Securities pursuant to the terms and conditions of the Plan. The issuance, offering, and distribution of the New LandCo Securities as contemplated by the Plan are exempt from the registration requirements of section 5 of the Securities Act and any other Applicable Laws requiring registration prior to the offering, issuance, distribution, or sale of securities pursuant to section 1145 of the Bankruptcy Code. The offer, sale, and issuance of the New LandCo Warrants, and the New LandCo Common Stock to be issued upon exercise of the New LandCo

37

Warrants, are exempt pursuant to the private placement exemption set forth in section 4(2) of the Securities Act.

### (11) Working Capital Facility

107.    New LandCo is authorized, without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity, to enter into and perform under a Working Capital Facility, in accordance with Article IV.B of the Plan or otherwise in the Plan.

### J.    Rights Offering

108.    The Rights Offering and any transactions contemplated by Article IV.E of the Plan and otherwise in the Plan are approved in their entirety and, upon execution and delivery of any agreements and documents relating thereto by the applicable parties, the Rights Offering shall be in full force and effect and valid, binding, and enforceable in accordance with its terms without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity or other act or action under Applicable Laws.  The Disbursing Agent shall distribute the Rights Offering Shares pursuant to the Rights Offering in accordance with Article IV.E of the Plan.

### K.    New LandCo Warrants

109.    The New LandCo Warrants and any related agreements and transactions contemplated by the Plan and otherwise in the Plan are approved in their entirety and, upon execution and delivery of any agreements and documents relating thereto by the applicable parties, the New LandCo Warrants shall be in full force and effect and valid, binding, and enforceable in accordance with their terms without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity or other act or action under Applicable Laws.  On the Effective Date, New LandCo Corporation shall issue the New LandCo Warrants to the OpCo Debtors or the Reorganized OpCo Debtors, as applicable, as partial compensation for the OpCo

38

Debtors or Reorganized OpCo Debtors, as applicable, entering into the Management Services Arrangement.

## L.    **Boards of Directors**

110.    On the Effective Date and effective as of the Effective Date, all directors on the boards of directors and all members or managers of each LandCo Debtor shall be deemed to resign from such positions, including, without limitation, from their positions on any committees of the boards of directors without the need for any further notice to or action, order, or approval of the Bankruptcy Court, or other act or action under Applicable Laws.

111.    On the Effective Date and effective as of the Effective Date, the new members of the boards of directors of each Liquidating LandCo Debtor and each New LandCo Entity (including, without limitation, the members of the New LandCo Board) shall be deemed appointed, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, or other act or action under Applicable Laws.

## M.    **Executory Contracts and Unexpired Leases; Cure Costs**

112.    Subject to Paragraph 117 of the Confirmation Order and the IP Order, the LandCo Debtors' executory contracts or unexpired leases not assumed and assigned or rejected pursuant to a Final Order prior to the Effective Date or listed on the schedule of "Rejected Executory Contracts and Unexpired Leases" included in the Plan Supplement shall be deemed rejected pursuant to sections 365 and 1123 of the Bankruptcy Code.

113.    Subject to Paragraph 117 of the Confirmation Order and the IP Order, the LandCo Debtors' executory contracts and unexpired leases listed on the schedule of "Assumed Executory Contracts and Unexpired Leases" included in the Plan Supplement shall be deemed assumed and assigned to the New LandCo Corporation Purchaser pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

39

114.    Executory contracts or unexpired leases subject to a motion to assume or reject pending on the Effective Date shall remain effective pursuant to the terms thereof and shall remain subject to an applicable Final Order. Unless otherwise provided by a Final Order of the Bankruptcy Court, any Proofs of Claim asserting Claims arising from the rejection of executory contracts and unexpired leases pursuant to the Plan or otherwise must be Filed with the Claims and Solicitation Agent no later than thirty (30) days after the later of: (a) the Effective Date; or (b) the effective date of rejection. Any Proofs of Claim arising from the rejection of the LandCo Debtors' executory contracts or unexpired leases that are not timely Filed shall be disallowed automatically, forever barred from assertion, and shall not be enforceable against any Liquidating LandCo Debtor or New LandCo without the need for any objection by the Liquidating LandCo Debtors or New LandCo or further notice to or action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim arising out of the rejection of the executory contract or unexpired lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a Proof of Claim to the contrary. All Allowed Claims arising from the rejection of any of the LandCo Debtors' executory contracts and unexpired leases shall be classified as Rejection Damages Claims and shall be treated in accordance with Article III of the Plan.

115.    Entry of the Confirmation Order shall constitute an order approving the assumptions and assignments or rejections of such executory contracts or unexpired leases as set forth in the Plan, all pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

116.    Unless otherwise indicated, all assumptions and assignments or rejections of executory contracts and unexpired leases pursuant to the Plan are effective as of the Effective Date. Executory contracts and unexpired leases subject to a motion to assume and assign or

reject with a proposed effective date beyond the Effective Date shall be deemed assumed and assigned or rejected, as applicable, upon the proposed effective date thereof or upon such other date as is determined by the Bankruptcy Court.

117. Notwithstanding any of the foregoing or anything to the contrary in the Plan, but subject to the IP Order, the LandCo Debtors, the Liquidating LandCo Debtors, or New LandCo, as applicable, are authorized to alter, amend, modify, or supplement the schedules of executory contracts or unexpired leases identified in Article V and in the Plan Supplement at any time through and including 30 days after the Effective Date.

118. Any provisions or terms of the LandCo Debtors' executory contracts or unexpired leases to be assumed and assigned pursuant to the Plan that are, or may be, alleged to be in default, shall be satisfied solely by Cure, or by an agreed-upon waiver of such Cure. Except with respect to executory contracts and unexpired leases in which the LandCo Debtors and the applicable counterparties have stipulated in writing to payment of Cure, all requests for payment of Cure that differ from the Cure amounts proposed by the LandCo Debtors as listed on the schedule of "Assumed Executory Contracts and Unexpired Leases" included in the Plan Supplement or otherwise must be Filed with the Claims and Solicitation Agent on or before the Cure Bar Date. Any request for payment of Cure that is not timely Filed shall be disallowed automatically, forever barred from assertion, and shall not be enforceable against any LandCo Debtor or New LandCo without the need for any objection by the Liquidating LandCo Debtors or New LandCo or further notice to or action, order, or approval of the Bankruptcy Court or any other Entity, and any Claim for Cure shall be deemed fully satisfied, released, and discharged upon payment of the amounts listed on the schedule of "Assumed Executory Contracts and Unexpired Leases" included in the Plan Supplement, notwithstanding anything included in the

41

Schedules or in any Proof of Claim to the contrary; provided, however, that the Liquidating LandCo Debtors and New LandCo are authorized, but not required, in their sole and absolute discretion to pay any Cure despite the failure of the relevant counterparty to timely File such request for payment of such Cure.

119.    The Liquidating LandCo Debtors and New LandCo are authorized to settle any Cure without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

## N.    Indemnification Obligations

120.    Each Indemnification Obligation of an Entity identified on Exhibit 11 to the Plan Supplement (and specifically excluding the Yung Entities) shall be assumed by the applicable LandCo Debtor, effective as of the Effective Date, pursuant to sections 365 and 1123 of the Bankruptcy Code, to the extent such Indemnification Obligation is executory, unless such Indemnification Obligation previously was rejected by the LandCo Debtors pursuant to a Final Order or is the subject of a motion to reject pending on the Effective Date.

121.    Notwithstanding the previous paragraph, an Indemnification Obligation in favor of any Entity not identified on Exhibit 11 to the Plan Supplement shall terminate and be discharged pursuant to section 502(e) of the Bankruptcy Code or otherwise, as of the Effective Date; provided, however, that the Liquidating LandCo Debtors and New LandCo are authorized , but not required, in their sole and absolute discretion, to honor or reaffirm Indemnification Obligations other than those rejected or terminated by a prior or subsequent Final Order of the Bankruptcy Court, whether or not executory, in which case such honoring or reaffirmation shall be in complete satisfaction, discharge, and release of any Claim on account of such Indemnification Obligation.

42

122.    Each Indemnification Obligation that is assumed, deemed assumed, honored, or reaffirmed shall remain in full force and effect, shall not be modified, reduced, discharged, impaired, or otherwise affected in any way, and shall survive Unimpaired and unaffected, irrespective of when such obligation arose.

## O.    Resolution of Disputed Claims and Interests

123.    Except as expressly provided in the Plan or the Litigation Trust Agreement or ordered by the Bankruptcy Court prior to the Effective Date, no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code or the Bankruptcy Court has entered a Final Order allowing such Claim. Any Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of Article VI of the Plan, the Litigation Trust Agreement, or otherwise.

124.    After the Effective Date, the Liquidating LandCo Debtors, New LandCo, and the Litigation Trust (as to the Litigation Trust, to the extent provided in Section 4.11 of the Litigation Trust Agreement) shall have the exclusive authority: (a) to File, withdraw, or litigate to judgment, objections to Claims or Interests; (b) to settle or compromise any Disputed Claim without any further notice to or action, order, or approval of the Bankruptcy Court or any other Entity; and (c) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

125.    Any Claim that has been paid or satisfied, any Claim that has been amended or superseded, or any Claim that is duplicative or redundant of another Claim against the same LandCo Debtor may be adjusted or expunged on the Claims Register by the Liquidating LandCo Debtors without a Claims objection having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

43

126.    All Claims Filed on account of an employee benefit referenced in Article IV.X of the Plan shall be deemed satisfied and expunged from the Claims Register as of the Effective Date to the extent the Liquidating LandCo Debtors or New LandCo elect to honor such employee benefit, without any further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

127.    On or after the Effective Date, except as provided otherwise in the Plan, a Claim may not be Filed or amended without the prior authorization of the Bankruptcy Court, the Liquidating LandCo Debtors, or New LandCo, and, absent such authorization, any such new or amended Claim Filed shall be deemed disallowed in full and expunged without any further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

## P.    Settlement, Release, Injunction, and Exculpation

### (1)    Compromise and Settlement

128.    Any and all compromises or settlements of all Claims and Interests, including, without limitation, the LandCo Lender Settlement and the Settlement Payment, are hereby approved pursuant to Bankruptcy Rule 9019 and section 1123(b)(3) of the Bankruptcy Code. Pursuant to the LandCo Lender Settlement, in satisfaction of the LandCo Credit Facility Claims in accordance with Article III of the Plan, and for good and valuable consideration including the LandCo Lenders' agreement to the treatment specified in the Plan for the LandCo Credit Facility Claims and the Claims and Interests asserted by other Entities:

a.    The LandCo Credit Facility Claims shall be deemed Allowed against each LandCo Debtor as undisputed, non–contingent, and liquidated in the settled amount of $442,749,156.00. Such amount shall be exclusive of the LandCo Lenders Adequate Protection Claim and all amounts distributed on account thereof pursuant to Plan and the LandCo Adequate

44

Protection Order, and all amounts payable to the LandCo Agent pursuant to Article VII and Article VIII of the Plan, and shall not be subject to setoff, recoupment, reduction, or allocation.

   b. The LandCo Credit Facility Secured Claims shall be deemed Allowed against each LandCo Debtor as undisputed, non–contingent, and liquidated in the settled amount of $370,000,000.00.

   c. The LandCo Credit Facility Deficiency Claims shall be deemed Allowed against each LandCo Debtor as undisputed, non–contingent, and liquidated in the settled amount of $72,749,156.00.

   d. The Liens of the LandCo Lenders upon and in substantially all of the assets and properties of the LandCo Debtors and the proceeds thereof, are and shall be deemed to be perfected and not subject to avoidance.

   e. To the extent required by the terms of the LandCo Credit Facility, the Liquidating LandCo Debtors or New LandCo shall pay the reasonable expenses of the LandCo Agent, including attorneys and other professional fees, incurred through the Effective Date in connection with the negotiation and consummation of the Plan and the transactions thereunder pursuant to the LandCo Adequate Protection Order and the LandCo Lender Settlement.

   f. The Liquidating LandCo Debtors or New LandCo shall pay the reasonable expenses (including, without limitation, attorneys and other professional fees and costs) of each member of the LandCo Steering Committee that voted all of its Claims in Voting Classes to accept the Plan, to the extent such expenses are incurred during the period from the Petition Date

through the Effective Date in connection with the negotiation and consummation of the Plan and the transactions thereunder, pursuant to the LandCo Lender Settlement.

g.    The LandCo Agent, the LandCo Lenders, and their respective agents, affiliates and professionals (in their capacities as such) shall be deemed to have received and exchanged general releases with and from the LandCo Debtors and their Estates, and to have received releases from Holders of Claims that affirmatively vote to accept the Plan or abstain from voting on the Plan and elect not to opt out of the release in Article VIII.D.2 of the Plan, pursuant to Article VIII of the Plan.

### (2)  Discharge of Claims and Termination of Interests

129.    Except as otherwise specifically provided in the Plan, the distributions, rights, and treatments that are provided in the Plan shall be in full and complete satisfaction, discharge, and release in accordance with Article VIII.A of the Plan.

### (3)  Release, Injunctions, and Exculpation Provisions In the Plan

130.    The following release, injunction, and exculpation provisions set forth in Article VIII of the Plan are essential provisions of the Plan and are hereby approved and authorized in their entirety.

> **LandCo Debtor Release. Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Plan Supplement, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the LandCo Debtors and the implementation of the restructuring contemplated by the Plan, on and after the Effective Date, the Released Parties are deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the LandCo Debtors, the Liquidating LandCo Debtors, and the LandCo Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims asserted on behalf of the LandCo Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the LandCo Debtors, the Liquidating**

46

LandCo Debtors, or the LandCo Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the LandCo Debtors, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the LandCo Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any LandCo Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes a failure to perform the duty to act in good faith, with the care of an ordinarily prudent person and in a manner the Released Party reasonably believed to be in the best interests of the LandCo Debtors (to the extent such duty is imposed by applicable non-bankruptcy law) where such failure to perform constitutes willful misconduct or gross negligence. The releases set forth in this paragraph shall not be given to the Yung Entities.

Third Party Release. Except as otherwise specifically provided in the Plan or Plan Supplement, on and after the Effective Date, Holders of Claims and Interests (a) voting to accept the Plan or (b) abstaining from voting on the Plan and electing not to opt out of the release contained in this paragraph (which by definition, does not include Holders of Claims and Interests who are not entitled to vote in favor of or against the Plan), shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the LandCo Debtors, the Liquidating LandCo Debtors, and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims asserted on behalf of a LandCo Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the LandCo Debtors, the LandCo Debtors' restructuring, the LandCo Debtors' Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the LandCo Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any LandCo Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before

47

the Effective Date, other than Claims or liabilities arising out of or relating to any act or omission of a LandCo Debtor, a Liquidating LandCo Debtor, or a Released Party that constitutes a failure to perform the duty to act in good faith, with the care of an ordinarily prudent person and in a manner the LandCo Debtor, the Liquidating LandCo Debtor, or the Released Party reasonably believed to be in the best interests of the LandCo Debtors (to the extent such duty is imposed by applicable non-bankruptcy law) where such failure to perform constitutes willful misconduct or gross negligence. The releases set forth in this paragraph shall not be given to the Yung Entities.

Exculpation. Except as otherwise specifically provided in the Plan or the Plan Supplement, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action, or liability for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distributions of the securities pursuant to the Plan, and therefore are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. The exculpation set forth in this paragraph shall not apply to the Yung Entities.

Injunction. Except as otherwise expressly provided in the Plan or for obligations issued pursuant to the Plan, all Entities who have held, hold, or may hold Claims or Interests that have been discharged pursuant to Article VIII.A of the Plan, released pursuant to Article VIII.D of the Plan, or are subject to exculpation pursuant to Article VIII.E of the Plan are permanently enjoined, from and after the Effective Date, from: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Confirmation Date, and notwithstanding an indication in a Proof of Claim or Interest or

48

otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

Release of Liens. Except in respect of the LandCo Lender Settlement and related transactions, or as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to Article VII.C of the Plan and, in the case of an Other Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates shall be fully released and discharged, and all of the right, title, and interest of any Holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to New LandCo and its successors and assigns.

### (4) Existing Injunctions and Stays Remain In Effect Until Effective Date

131. All injunctions or stays provided in, or in connection with, the Chapter 11 Cases, whether pursuant to sections 105 or 362 of the Bankruptcy Code, or any other Applicable Law or Final Order, in effect immediately prior to the Confirmation of the Plan, shall remain in full force and effect thereafter if so provided by the Confirmation Order, the Plan or their own terms. Nothing herein shall bar the taking of such other actions as are necessary to effectuate the transactions specifically contemplated by the Plan or by the Confirmation Order.

### Q. Preservation of Rights of Action

132. Any Causes of Action that the LandCo Debtors may hold against any Entity are hereby preserved in accordance with Article IV.Y of the Plan and include, without limitation, those described in Exhibit 4 to the Plan Supplement.

### R. Waiver or Estoppel

133. Each Holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, as secured, or not subordinated by virtue of an agreement

49

made with the LandCo Debtors or their counsel, the Creditors Committee or its counsel, or any other Entity, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers Filed with the Bankruptcy Court prior to the Confirmation Date.

## S.   Failure to Consummate the Plan

134.   If the Consummation of the Plan does not occur, then the provisions of Article X.D of the Plan shall govern.

## T.   Dissolution of Creditors Committee

135.   Upon the Effective Date, the Creditors Committee shall dissolve automatically (except with respect to any pending litigation or contested matter to which the Creditors Committee is a party, any appeals Filed regarding Confirmation, the resolution of any substantial contribution applications, and the resolution of applications for Professional Claims), and members thereof shall be released and discharged from all rights, duties, responsibilities, and liabilities arising from, or related to, the Chapter 11 Cases and the Bankruptcy Code.

## U.   Payment of Statutory Fees

136.   All fees payable by the LandCo Debtors or the Liquidating LandCo Debtors pursuant to section 1930 of title 28 of the United States Code after the Effective Date shall be paid prior to the closing of the Chapter 11 Cases when due or as soon thereafter as practicable.

## V.   Allowance and Payment of Certain Administrative Claims

### (1)   Professional Compensation

137.   All final requests for payment of Professional Claims shall be Filed no later than the Administrative Claim Bar Date. Allowed amounts of the Professional Claims shall be determined by the Bankruptcy Court and shall be paid pursuant to the Plan, including Article IX.A of the Plan.

50

138.    On the Effective Date, the Liquidating LandCo Debtors shall fund the Professional Fee Escrow Account with Cash equal to the aggregate Professional Fee Reserve Account for all Professionals.

139.    The Liquidating LandCo Debtors shall pay Professional Claims incurred by the Liquidating LandCo Debtors from and after the Effective Date in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

### (2) Other Administrative Claims

140.    All requests for payment of an Administrative Claim must be Filed with the Claims and Solicitation Agent and served upon counsel to the LandCo Debtors or the Liquidating LandCo Debtors, as applicable, and New LandCo on or before the Administrative Claim Bar Date.    Any request for payment of an Administrative Claim must be Filed in accordance with Article IX.B of the Plan or otherwise, and such request that is not filed in accordance with Article IX.B of the Plan or otherwise shall be disallowed automatically without the need for any objection by the LandCo Debtors, the Liquidating LandCo Debtors, or New LandCo.

141.    The Liquidating LandCo Debtors and New LandCo are authorized to settle and pay any Administrative Claim (other than an Administrative Claim asserted by the Yung Entities) in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

### W.  Return of Deposits

142.    All utilities, including any Entity who received a deposit or other form of adequate assurance of performance pursuant to section 366 of the Bankruptcy Code during the LandCo Debtors' Chapter 11 Cases (collectively, the "Deposits"), including, without limitation,

51

gas, electric, telephone, trash, and sewer services, shall return such Deposits to the Liquidating LandCo Debtors within 45 days following the Effective Date and as of the Effective Date, such utilities are not entitled to make requests for Deposits.

## X. Changes to the Plan

143. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, each of the LandCo Debtors expressly reserves its respective rights to revoke or withdraw, or to alter, amend, or modify the Plan with respect to such LandCo Debtor, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan, subject to the consent of the LandCo Agent at the direction of the Required LandCo Lenders. Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with Article XI of the Plan.

## Y. References To Plan Provisions

144. The Plan is confirmed in its entirety and hereby incorporated into the Confirmation Order by reference, subject to any provision incorporated by such reference being governed by an express or contradictory provision herein. The failure to reference or discuss any particular provision of the Plan in the Confirmation Order shall not diminish or impair the effectiveness of, or otherwise affect, the validity, binding effect, and enforceability of such provision, and each provision of the Plan shall have the same validity, binding effect, and enforceability as if fully set forth in the Confirmation Order.

## Z. Headings

145. Headings utilized herein are for convenience and reference only, and shall not constitute a part of the Plan or the Confirmation Order for any other purpose.

## AA. Notice of Entry of The Confirmation Order

146. In accordance with Bankruptcy Rules 2002 and 3020(c), no later than ten (10) Business Days after the date of entry of the Confirmation Order, the LandCo Debtors shall serve the Notice of Confirmation by hand, by overnight courier service, or by United States mail, first class postage prepaid, to all Entities having been served with the Confirmation Hearing Notice; provided, however, that no notice or service of any kind shall be required to be mailed or made upon any Entity to whom the LandCo Debtors mailed a Confirmation Hearing Notice but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the LandCo Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. To supplement the notice described in the preceding sentence, no later than twenty (20) days after the date of the Confirmation Order, the LandCo Debtors shall publish the Notice of Confirmation once in *The Wall Street Journal*.

147. Mailing and publication of the Confirmation Notice in the time and manner set forth in the preceding paragraph shall constitute good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice of Confirmation is necessary.

## BB. Retention of Jurisdiction

148. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction as provided in the Plan over all matters arising out of,

53

and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, without limitation, jurisdiction over those matters set forth in Article XII of the Plan.

## CC. Modifications To the Plan and Plan Supplement

149.    The LandCo Debtors are authorized to modify the Plan Supplement after the date hereof to make:    (a) non-material or non-adverse modifications; (b) material or adverse modifications that have been approved by all affected Entities; and (c) modifications for which the Bankruptcy Court has granted approval.

## DD. Final Order

150.    The period in which an appeal of the Confirmation Order must be filed shall commence upon the entry hereof.

151.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of the Confirmation Order shall be immediately effective and enforceable upon its entry.

152.    If any or all of the provisions of the Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of the Bankruptcy Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken pursuant to, under, or in connection with the Plan prior to the LandCo Debtors' receipt of written notice of such order.  Notwithstanding any such reversal, modification, or vacatur of the Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, the Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of the Confirmation Order and the Plan and all related documents or any amendments or modifications thereto.

## EE. Authorization To Consummate

153.    The LandCo Debtors are authorized to consummate the Plan at any time after the entry of the Confirmation Order, subject to the satisfaction or waiver of the conditions precedent to the Effective Date set forth in Article X.B of the Plan. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

IT IS SO ORDERED.

Date: __May 5__, 2009

Wilmington, Delaware

United States Bankruptcy Judge

K&E 14481682.26