# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TROPICANA ENTERTAINMENT, LLC,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 08-10856 (MFW)<br><br>Jointly Administered<br><br>**Objection Deadline: May 29, 2025 at 4:00 p.m.**<br>**Hearing Date: June 5, 2025 at 10:30 a.m.** |

## TRUSTEE'S MOTION TO REOPEN CHAPTER 11 CASE

Lightsway Litigation Services, LLC, the Trustee (the "<u>Trustee</u>") of the Litigation Trust (as defined below), through its undersigned counsel, hereby moves this Court (the "<u>Motion</u>") pursuant to section 350 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for the limited purpose of considering the *Fourth Motion of the Trustee for an Order Further Extending the Litigation Trust in Accordance With the Opco Plan, Landco Plan and Litigation Trust Agreement and Granting Related Relief* (the "<u>Extension Motion</u>") being contemporaneously filed by the Trustee. The grounds for this Motion are as follows:

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is section 350(b) of the Bankruptcy Code and Bankruptcy Rule 5010. Further, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Litigation Trust hereby consents to the entry of a final judgment or order in connection with this Motion if it is determined that this Court

cannot—absent the consent of the parties—enter such final judgment or order consistent with Article III of the United States Constitution.

3. These bankruptcy proceedings were filed on May 5, 2008.

4. The Court entered Orders confirming and modifying immaterially (the "Confirmation Orders") the *First Amended Joint Plan of Reorganization of Tropicana Entertainment, LLC and Certain of its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (as modified, the "OpCo Plan") and the *First Amended Joint Plan of Reorganization of Tropicana Las Vegas Holdings, LLC and Certain of its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* (the "LandCo Plan," together with the OpCo Plan, the "Plans").[1] The LandCo Plan became effective on July 1, 2009, and the OpCo Plan became effective on March 8, 2010.

5. The Litigation Trust was created under the Plans to pursue Insider Causes of Action (namely causes of action against the former owners of the debtors, William J. Yung, III and affiliated companies) in accordance with the terms of that certain Tropicana Litigation Trust Agreement (the "Litigation Trust Agreement") dated as of July 1, 2009 by and among the debtors and the Trustee. (OpCo Plan, Article IV.B.5; LandCo Plan Article IV.G.)

6. On May 1, 2020, the Court entered a *Final Decree Closing Chapter 11 Cases of Tropicana Entertainment, LLC and Hotel Ramada of Nevada, LLC and Order Terminating Certain Claims and Noticing Services of Kurtzman Carson Consultants LLC*, (the "Final Decree".) [D.I. No 4365.] Among other things, the Final Decree provides that the Trustee's adversary proceeding encaptioned *Lightsway Litigation Services, LLC v. Yung, et al. (In re Tropicana Entertainment, LLC)*, Adv. Proc. No. 10-50289 (Bankr. D. Del.) (the "Insider

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Plans.

Litigation") would remain open (par. 10.) and preserved the Trustee's rights to reopen this case for cause to assist with the prosecution of the Insider Litigation (par. 13). The Court's ruling in the Insider Litigation is currently on appeal to the Third Circuit Court of Appeals.

7. The Trust now seeks to reopen the Chapter 11 case so that the Court may consider the Extension Motion.

8. Section 350 of the Bankruptcy Code provides that a case may be reopened for good cause on the motion of a debtor or another party in interest. The Trustee is clearly a party in interest. And "good cause" exists to reopen this case so the Trustee can continue to pursue the Insider Litigation.

9. As the Third Circuit Court of Appeals stated:

> Under 11 U.S.C. § 350(b), a bankruptcy court may reopen a closed case "to administer assets, to accord relief to the debtor, or for other cause." We have interpreted § 350(b) to give "bankruptcy courts ... broad discretion to reopen cases after an estate has been administered." *Zinchiak*, 406 F.3d at 223. "In exercising its discretion to reopen, a bankruptcy court should consider whether similar proceedings are already pending in state court as well as make a determination as to which forum—state court or bankruptcy court—is most appropriate to adjudicate the issues raised by a motion to reopen." *See id.* at 225. In *Zinchiak*, we found that a bankruptcy court had jurisdiction under § 350(b) to reopen a proceeding to determine whether "the filing of a deficiency petition ... was encompassed within, and thus barred by, the automatic stay" the bankruptcy court had modified in an earlier issued order. Id. at 223–24. We noted that this issue was "properly to be decided by the Bankruptcy Court after reopening" because the bankruptcy court was "well suited to provide the best interpretation of its own order." Id. at 224 (internal quotation marks omitted). We reached this conclusion even though "several related deficiency actions were pending in Pennsylvania state courts." *Id*. at 225.

*In re Lazy Days' RV Ctr. Inc.,* 724 F.3d 418, 422–23 (3d Cir. 2013).

10. As detailed in the Extension Motion, the Tropicana Litigation Trust Agreement is scheduled to expire on July 1, 2025. However, the Insider Litigation has not yet been completed, so the Trustee seeks an extension of the trust's term through July 1, 2027. It is well within this Court's discretion to grant this Motion as the Court has granted similar motions in this case already. *See, In re LandSource Communities Dev., LLC,* 612 B.R. 484, 494 (D. Del.), *aff'd sub nom. LandSource Communities Dev. LLC v. Citizens Against Corp. Crime, LLC,* 834 Fed. Appx. 747 (3d Cir. 2020), *cert. denied sub nom. Citizens Against Corp. Crime, LLC v. Lennar Corp.,* 141 S. Ct. 2725 (2021).

11. Notice of this Motion is being provided to: (a) the Office of the United States Trustee for the District of Delaware, (b) counsel for the Defendants in the Insider Litigation, (c) the Reorganized OpCo Debtors, (d) the Liquidating LandCo Debtors and (e) all persons entitled to receive notice under the CM/ECF system. In light of the nature of the relief requested, the Trustee submits that no further notice is required.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court reopen these bankruptcy proceedings for the limited purpose stated above.

Dated:  May 15, 2025                                **CROSS & SIMON, LLC**

*/s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, DE 19801
(302) 777-4200
kmann@crosslaw.com

- and -

**HERBERT BEIGEL & ASSOCIATES, LLC**
Herbert Beigel, Esq. (admitted *pro hac vice*)
38327 S. Arroyo Way
Tucson, AZ 85739
Telephone: (520) 825-1995
Facsimile: (520) 884-6215

*Co-Counsel to the Trustee*